**Robert G. Lopez**
**210 Stanton Street – Apt. #218**
**New York, New York 10002**
**trademarkrob@gmail.com**

May 20, 2024

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Courtroom 12C
New York, New York 10007

      **Re:**    **Lopez v. Eventbrite, Inc. et al. Civil Action No. 24 CV 01544**

Dear Hon. Judge Woods:

I am the pro se Plaintiff in the above-identified action.

I am writing as a follow-up to my May 17, 2024, letter to Your Honor regarding the motion to intervene The City of New York has filed in the above-referenced action.

On the evening of May 17, 2024, I sent an email communication to Gerald E. Singleton, Esq., counsel for The City of New York in this matter and I informed Mr. Singleton "**I am in receipt of your forwarded email communication providing a copy of Judge Woods Order. I have not yet been served with a copy of The City's motion to intervene and have not received a copy of the same from any source at all. It is unreasonable for the Court to expect me to file a responsive pleading by May 21, 2024, to a motion that I have not even been served a copy of and am unaware of its contents.**" On the evening of May 17, 2024, Plaintiff sent a second email to Mr. Singleton that stated the following "**As you should undoubtedly be aware, pursuant to Rule 24 of the Federal Rules of Civil Procedure, a motion to intervene must be served on the parties as provided in Rule 5…As you are also undoubtedly aware, no service pursuant to Rule 5 has been made on me and I do not have a copy of the pleading that sets out the claim or defense for which intervention is sought.**" On the evening of May 17, 2024, Mr. Singleton responded to my email communications and stated the following "**Please be advised that I had no obligation to provide you with a copy of Judge Wood's order and have no obligation to do anything further. I mailed you a copy of the motion papers and provided you with a courtesy copy of the Court's order.**," see **Exhibit A** hereto.

On May 18, 2024, Plaintiff and Mr. Singleton exchanged additional email communications and Plaintiff stated the following "**…I have not received a copy of the City's moving papers you allege you mailed to me. Please provide me with the tracking number for the motion**

*Hon. Gregory H. Woods*
*May 20, 2024*
*Page 2*

papers you allege you mailed to me…It appears that there has been a pattern of improper
service in all matters that the City of New York has brought against me, and I have created
a public record of the improper service in connection with both other matters. You indeed
do have an obligation to properly effectuate service of the City's moving papers against me
in order for me to properly respond to the same." In a May 18, 2024, email response, Mr.
Singleton stated the following "I am on vacation, out of state, visiting my son and grandson. I
did you a favor. You were served properly by US Mail. You are an experienced litigator
and should know the rules." In a second email communication on May 18, 2024, Plaintiff stated
the following "…I have not yet received the hard copy in which you allege you served, and
have a right to review a tangible copy of the motion papers to properly prepare my opposition
papers to the same…Your tone, demeanor, and lack of consideration for me celebrating my
children's birthdays as well as your unwillingness to agree to an extension of time until after
you properly serve me with the moving papers will support my arguments in the
vindictiveness, aggression, and retaliatory posture you have displayed against me in many
matters related to the various litigations matters I am involved with against the City of New
York.," see Exhibit B hereto.

As of today's date, I still have not been formally served with a copy of The City of New
York's motion papers and I do not have a physical copy in my possession and I hereby again
respectfully request an extension of seven (7) days from the date of being served with the motion
to intervene, to prepare and file my opposition papers to the same.

I can inform Your Honor that there has been a history and pattern of defective and improper
service in all matters that the City of New York has brought against Plaintiff. There have been
multiple defective service issues in the case the City of New York of New York commenced
against Plaintiff in September of 2021 in the case *City of New York v. Robert G. Lopez* 21 CV
7862. More recently there have been defective service issues in a trademark opposition proceeding
the City of New York commenced against Plaintiff before the Trademark Trial and Appeal Board
("TTAB") of the United States Patent and Trademark Office in Opposition No. 91286688 *City of
New York v. Robert G. Lopez*.

In a March 22, 2024, filing in the TTAB case referenced above, Plaintiff in "Applicant's
Opposition to Opposer's Motion For Reconsideration of Order Setting Aside Default," stated
the following "…Applicant feels compelled to inform the Board that he did NOT receive a
service copy via email, of Opposer's Motion for Reconsideration of Order Setting Aside
Default as falsely alleged in the Certificate of Service, certified and signed by Gerald E.
Singleton on March 15, 2024. *See* 12 TTABVUE. Opposer's counsel Gerald E. Singleton
cannot produce any email receipt or other form of evidence that he in fact did email a service
copy of the current motion to Applicant at the email address trademarkrob@gmail.com,
because he simply did not serve Applicant with a copy of the same." Mr. Singleton never filed
any document or pleading disputing the fact that he submitted a faulty and defective "certification"
falsely alleging that he served me when he in fact did not. In the underlying TTAB case referenced

*Hon. Gregory H. Woods*
*May 20, 2024*
*Page 3*

above, Mr. Singleton also failed to serve Plaintiff with the initial opposition papers as shown and plead in **Exhibit C** hereto.

I can also inform Your Honor that there has been a history of unpleasant verbal exchanges and interactions between Plaintiff and Gerald E. Singleton that began in 2020 when Plaintiff posted an image on his nyc.cannabis.537 Instagram page that publicly humiliated and embarrassed Mr. Singleton as shown in **Exhibit D** hereto.

Since Plaintiff's December 8, 2020, Instagram post, Mr. Singleton has developed a level of hatred towards Plaintiff and has been an overzealous and aggressive litigator towards Plaintiff in all matters that the City of New York has commenced against Plaintiff, which have all been brought by Mr. Singleton as the head attorney for the City of New York. Mr. Singleton has also been unreasonable in denying all extension requests that Plaintiff has made in any of the litigation matters the City of New York has commenced against Plaintiff.

On October 12, 2021, Plaintiff wrote a letter to U.S. District Judge J. Paul Oetken requesting an extension of time and stated the following "**Defendant did seek consent from Plaintiff (City of New York) for the requested extension of time, but Plaintiff denied Defendant's extension request without any just cause. I will also take this opportunity to respectfully request that Your Honor issue an Order directing that Gerald E. Singleton, Esq., refrain from showing up to Defendant's place of business in an intimidating and threatening manner to harass Defendant in front of Defendant's customers and business colleagues. On September 23, 2021, Mr. Singleton appeared at Defendant's place of business and assaulted Defendant by aggressively slapping a large envelope of documents on Defendant's physical person which was the Summons & Complaint in connection with this action. Mr. Singleton then proceeded to act in a manner that made Defendant uncomfortable in front of his customers and business associates and even smirked at Defendant as shown in the photo below as a gesture of "I GOT YOU."** Plaintiff's October 12, 2021, letter to Judge Oetken also stated "**On September 30, 2021, Mr. Singleton appeared at Defendant's place of business for a second time to personally serve Defendant with a Motion to Intervene in an unrelated and separately filed case in which Defendant filed in the SDNY Court over Defendant's NYC NEW YORK CANNABIS™ brand. Mr. Singleton's Motion to Intervene was a frivolous filing and done as an intimidation tactic to burden Defendant with additional legal documents for Defendant to have to defend against and respond to.,**" see **Exhibit E** hereto.

Simply put, the record in all matters that Mr. Singleton has commenced against me on behalf of the City of New York clearly establishes that he has an emotional attachment to the various litigation matters I have pending with the City if New York and he has been unreasonable, aggressive, and unprofessional in his actions and demeanor against me that have been vindicative and retaliatory in nature because Plaintiff has publicly humiliated and embarrassed Mr. Singleton on several occasions. It is also Plaintiff's belief that Mr. Singleton is overly offended and resentful at the fact that Plaintiff is an undereducated ninth grade dropout who received his General

*Hon. Gregory H. Woods*
*May 20, 2024*
*Page 4*

Equivalency Diploma (GED) in a New York State prison but has still managed to put up a fight and give Mr. Singleton a great challenge in all litigation matters the City of New York has commenced against me.

In any case, I can also inform Your Honor that I have already reached a settlement in principle with Defendant Eventbrite, Inc. in this matter and its attorneys are currently drafting a settlement agreement that should be completed shortly for us to resolve our dispute.

I have also communicated with Meta Inc.'s counsel and presented a settlement offer that they are presenting to their client Meta. In short, there is a possibility that Plaintiff can reach a settlement with both Defendant's named in this action and promptly file a dismissal of the case within the next few weeks and The City's Motion to Intervene would serve no purpose other then burdening this Court with reviewing and deciding filed pleadings between Plaintiff and the City of New York when the underlying case may be resolved with the named Defendant's to this action within the next few weeks.

Plaintiff is suggesting that Your Honor issue an Order deferring the City's Motion to Intervene until after any named Defendant files a responsive pleading which may never occur if Plaintiff is able to settle with Defendant's Eventbrite and Meta prior to their upcoming deadline for filing a responsive pleading in this action in the beginning of June 2024.

I can also inform Your Honor that if The City of New York proceeds with its motion to intervene and formally files its Intervenor Complaint, I will certainly file a motion to dismiss the same and we will most likely be litigating this case over the City of New York's filings as opposed to litigating the case over the claims I have brought against the Defendant's to this action.

If the City of New York still intends to proceed with its motion to intervene after becoming aware of the facts stated in this communication regarding the potential settlement with Defendant's Eventbrite and Meta, then Plaintiff respectfully request the seven (7) day extension of time from being served with the motion to intervene to file my opposition papers to the same.

I thank your Honor for his attention to this matter and for his consideration of my request to extend the time to respond to the motion to intervene until seven (7) days after I am formally served with the same.

Respectfully submitted,

Robert G. Lopez

**EXHIBIT A**

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

**RGL Consulting** <trademarkrob@gmail.com>
To: "Singleton, Gerald (Law)" <gsinglet@law.nyc.gov>

Fri, May 17, 2024 at 8:33 PM

Dear Gerald:

I am in receipt of your forwarded email communication providing a copy of Judge Woods Order.

I have not yet been served with a copy of The City's motion to intervene and have not received a copy of the same from any source at all. It is unreasonable for the Court to expect me to file a responsive pleading by **May 21, 2024**, to a motion that I have not even been served a copy of and am unaware of its contents.

In view of the above, I have written a letter to Judge Woods informing the Court of the fact that I have not yet been served with the motion to intervene and requested an extension of time to file a responsive pleading until seven (7) days after I am formally served with the City's moving documents. I submitted the above-referenced letter to the pro se office today.

I will certainly challenge your lack of service in relation to this matter. You have an obligation and duty to follow the rules on service.

It is also my position that you intentionally delayed forwarding me a copy of Judge Woods Order in an effort at gaining a competitive advantage over my response deadline imposed by the Court as the Order was issued on **May 14, 2024**, but you did **NOT** forward the email informing me of Judge Woods Order referenced above until this morning, **Friday, May 17, 2024**, the weekend just before the Court Ordered a response due by, and this action was done with your knowledge that I didn't even have a copy of the City's motion to intervene in my possession.

In closing, your dirty tactics will certainly not advance the City's interest or position in connection with this matter. Moving forward, I caution you to govern yourself accordingly.

All rights and remedies are expressly reserved.

--



Robert "TradeMarkRob®" Lopez
RGL CONSULTING GROUP
(800) 279-6535
(917) 515-9333 Direct
www.trademarkrob.com

BEFORE YOU CAN BUILD A BRAND - - YOU MUST OWN IT...
IF YOU DON'T OWN IT - - DON'T PROMOTE IT...

 Gmail                                        RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

**RGL Consulting** <trademarkrob@gmail.com>                    Fri, May 17, 2024 at 10:03 PM
To: "Singleton, Gerald (Law)" <gsinglet@law.nyc.gov>

Dear Gerald:

I am writing as a follow-up to my earlier email.

As you should undoubtedly be aware, pursuant to Rule 24 of the Federal Rules of Civil Procedure, a motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and must be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

As you are also undoubtedly aware, no service pursuant to Rule 5 has been made on me and I do not have a copy of the pleading that sets out the claim or defense for which intervention is sought.

Under your oath as an Officer of the Court, you have a duty and an ethical obligation to inform Judge Woods that his Order setting a date of **May 21, 2024**, for Plaintiff to file an opposition to the City's motion to intervene is not realistic in view of your knowledge that service has not yet been effectuated. Your obligation to inform Judge Woods of the City's lack of service of the motion to intervene is heightened in view of my emails bringing this error in the response deadline imposed by the Court to your attention.

I trust that you will act in doing what is honorable, moral and ethical under your oath as an Officer of the Court.

All rights and remedies are expressly reserved.

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

Singleton, Gerald (Law) <gsinglet@law.nyc.gov>
To: RGL Consulting <trademarkrob@gmail.com>

Fri, May 17, 2024 at 11:58 PM

Please be advised that I had no obligation to provide you with a copy of Judge Wood's order and have no obligation to do anything further. I mailed you a copy of the motion papers and provided you with a courtesy copy of the Court's order.

Get Outlook for iOS

**From:** RGL Consulting <trademarkrob@gmail.com>
**Sent:** Friday, May 17, 2024 7:03:43 PM
**To:** Singleton, Gerald (Law) <gsinglet@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

[Quoted text hidden]

**EXHIBIT B**

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

**RGL Consulting** <trademarkrob@gmail.com>                                          Sat, May 18, 2024 at 7:59 AM
To: "Singleton, Gerald (Law)" <gsinglet@law.nyc.gov>

Dear Gerald:

I am traveling this weekend for my children's birthdays which are May 17th and May 20th and I do not accept service of documents in connection with this matter via email, and I have not received a copy of the City's moving papers you allege you mailed to me. Please provide me with the tracking number for the motion papers you allege you mailed to me.

In any case, I will interrupt my children's birthday weekend celebration today to briefly write an additional letter to Judge Woods informing him of the history of improper service in the other cases the City of New York has brought against me that are still pending before the SDNY Court and the Trademark Trial and Appeal Board and will also make a public record of the City's improper service in connection with The City's latest filing against me.

It appears that there has been a pattern of improper service in all matters that the City of New York has brought against me, and I have created a public record of the improper service in connection with both other matters. You indeed do have an obligation to properly effectuate service of the City's moving papers against me in order for me to properly respond to the same.

All rights and remedies are expressly reserved.

[Quoted text hidden]

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

**Singleton, Gerald (Law)** <gsinglet@law.nyc.gov>
To: RGL Consulting <trademarkrob@gmail.com>

Sat, May 18, 2024 at 10:05 AM

I am on vacation, out of state, visiting my son and grandson. I did you a favor. You were served properly by US Mail. You are an experienced litigator and should know the rules.

Get Outlook for iOS

**From:** RGL Consulting <trademarkrob@gmail.com>
**Sent:** Saturday, May 18, 2024 4:59:23 AM

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Fwd: [EXTERNAL] Activity in Case 1:24-cv-01544-GHW-SDA Lopez v. Eventbrite, Inc. et al Order

**RGL Consulting** <trademarkrob@gmail.com>
To: "Singleton, Gerald (Law)" <gsinglet@law.nyc.gov>

Sat, May 18, 2024 at 1:05 PM

Dear Gerald:

I have not reviewed any of the attachments in any of your email communications and based on the current letter I am drafting to Judge Woods that highlights all your improprieties regarding service and otherwise, I am confident that the Court will extend my time to respond to the City's motion to intervene.

I have not yet received the hard copy in which you allege you served, and I have a right to review a tangible copy of the motion papers to properly prepare my opposition papers to the same.

I have already been burdened and inconvenienced in celebrating my children's 20th and 17th birthday weekend celebrations to respond to your emails and draft an additional letter to Judge Woods to protect and preserve my rights and I will bring all improper issues to Judge Woods' attention.

Your tone, demeanor, and lack of consideration for me celebrating my children's birthdays as well as your unwillingness to agree to an extension of time until after you properly serve me with the moving papers will support my arguments in the vindictiveness, aggression, and retaliatory posture you have displayed against me in many matters related to the various litigation matters I am involved with against the City of New York.

All our email communications since yesterday will be included as an Exhibit for Judge Woods review. I also remind you that you still have not provided any information or proof of your alleged service of the motion to intervene and your false "certification" in the recent TTAB filing will serve as evidence that you in fact make false allegations on alleged service that you do not complete or effectuate.

All rights and remedies are expressly reserved.

# EXHIBIT C

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

```
------------------------------------------------------- X
CITY OF NEW YORK                        :
                                        :
              Opposer,                  :
                                        :          Opposition No. 91286688
       v.                               :          Serial No. 90745372
                                        :
ROBERT G. LOPEZ                         :
                                        :
              Applicant.                :
------------------------------------------------------- X
```

## APPLICANT'S OPPOSITION TO OPPOSER'S MOTION
## FOR RECONSIDERATION OF ORDER SETTING ASIDE DEFAULT

Applicant, Robert G. Lopez hereby opposes, Opposer City of New York's Motion for
Reconsideration of Order Setting Aside Default.  For the reasons outlined below, Opposer's
Motion should be denied.

**PRELIMINARY STATEMENT:**

It is unfortunate that Opposer and its counsel has burdened the Board with the current
motion and has chosen not to respect the decision of the Board's Order, setting aside the default
of Applicant.

Opposers current motion does not provide any new evidence or arguments that were not
already raised in Opposer's Motion for Default Judgment Based on Failure to Answer *See* 7
TTABVUE, that the Board has not already considered prior to rendering its February 22, 2024,
Order discharging and setting aside the default and suspending the proceedings pending the civil
action between the parties in the United States District Court for the Southern District of New
York in the action 21 CV 7862.

Additionally, Applicant feels compelled to inform the Board that he did **NOT** receive a service copy via email, of Opposer's Motion for Reconsideration of Order Setting Aside Default as falsely alleged in the Certificate of Service, certified and signed by Gerald E. Singleton on March 15, 2024. *See* 12 TTABVUE.

Opposer's counsel Gerald E. Singleton cannot produce any email receipt or other form of evidence that he in fact did email a service copy of the current motion to Applicant at the email address trademarkrob@gmail.com, because he simply did not serve Applicant with a copy of the same.

Applicant became aware of Opposer's Motion for Reconsideration of Order Setting Aside Default from the ESTTA Filing Receipt that was sent to Applicant from the USPTO to the trademarkrob@gmail.com email address on March 15, 2024 (**See Exhibit A**), but Applicant did not receive a service copy via email from Opposer's counsel as he falsely certified in his Certificate of Service.

**STATEMENT OF FACTS**:

On January 31, 2024, the Board granted Applicant's motion to reopen time to file his answer but deferred Applicant's request to discharge the default. Applicant was allowed until February 16, 2024, to file an answer.

On the issue of whether Applicant's default should be discharged, the Board's January 31, 2024, Order, stated "**Here, there is no showing that Opposer will suffer prejudice given that this proceeding is in its early stages, and the delay occasioned by Applicant's default is minimal.**" The Board, in its January 31, 2024, Order, also stated "**...although Opposer argues that Applicant has no meritorious defense...this argument is unavailing. Even if Applicant, in his answer, were to deny the fundamental allegations in the Notice of**

2

230enterprises@gmail.com as presumed by the Board.  Applicant apologizes to the Board for not promptly updating his email address to his primary email trademarkrob@gmail.com.

Applicants current email address of record, i.e., trademarkrob@gmail.com has been his primary email address since 2006, when the trademarkrob@gmail.com email address was established and created, nearly 18 years ago, as evidenced by the email communication dated April 11, 2006 in **Exhibit B** hereto.

With regard to the paper copy of the Notice of Opposition that was allegedly mailed to Applicant by Opposer at the business address 40 Clinton Street – South Store, New York, New York 10002, there seems to be a slight confusion by the Board and Opposers counsel with respect to the change of address that Applicant submitted to the United States Postal Service in April of 2023, as referenced in Applicant's November 9, 2023, Answer to Notice of Default. *See* 5 TTABVUE.

Applicant's change of address submitted to the United States Postal Service on April 4, 2023, was to forward Applicant's mail from "**230 Clinton Street, Apt. 11C, New York, NY 10002**" to Applicant's new and current address "**210 Stanton Street, Apt. 218, New York, New York 10002**." **(See Exhibit C)**.  Applicant's change of address order with USPS was **NOT** to have Applicant's mail from his business address at 40 Clinton Street – South Store, New York, New York forwarded to the 210 Stanton Street – Apt. 218 New York, New York address. Accordingly, the Board's presumption in its January 31, 2024, Order that Opposer's mailing of the Notice of Opposition to Applicant on August 21, 2023, at 40 Clinton Street – South Store, New York, New York, should have been forwarded to and reached Applicant at his new address at 210 Stanton Street is misplaced, since the mail forwarding for Applicant was from 230 Clinton Street to 210 Stanton Street, and **NOT** from 40 Clinton Street – South Store (where Opposer

4

allegedly mailed Notice of Opposition to Applicant at) to 210 Stanton Street, Applicant's current address.

Applicant notes that he became aware of the Notice of Default by conducting a status check of his **NYC NEW YORK CANNABIS** trademark application in which he learned that an opposition had been filed against his trademark application. Applicant then checked the USPTO's database of TTAB proceedings after the default had been issued and was able to view the Notice of Default in which Applicant promptly responded to with his Answer to Notice of Default.

Applicants delay in filing an Answer to Opposer's Notice of Opposition was not in bad faith or done to intentionally delay the proceedings and Applicant does not have any benefit to gain in delaying the proceedings. To the contrary, Applicant is confident in his position that the marks of Opposer and Applicant's **NYC NEW YORK CANNABIS** mark will not be found to be likely to cause confusion by the Board in relation to the **"appearance"**, **"sound"** **"connotation"** and/or **"commercial impression"** of the separate and distinct marks when considered as a whole as well as when considering the services listed in Applicant's trademark application that is the subject of the opposition and Applicant is eager to secure a decision in this matter on the merits of the case.

Although the issue on a meritorious defense have already been settled and decided by the Board in its January 31, 2024, Order, for purposes of deciding the default, Applicant seeks leave to file the proposed **"Amended Answer to Notice of Opposition/Affirmative Defenses,"** attached hereto and incorporated herein as **Exhibit D**.

The **"TWENTY-SEVENTH AFFIRMATIVE DEFENSE"** of Applicant's Answer to Notice of Opposition/Affirmative Defenses" filed by Applicant on February 16, 2024, stated the

following **"Applicant Robert G. Lopez reserves the right, to file such additional amendments and defenses as may be appropriate."** *See* 9 TTABVUE.  Applicant believes that the additional asserted affirmative defenses in Applicant's proposed Amended Answer to Notice of Opposition/Affirmative Defenses, is appropriate and warranted.

**CONCLUSION**:

For all the reasons described herein, it is respectfully submitted that Opposer's Motion should be denied in its entirety and that Applicant's proposed Amended Answer to Notice of Opposition/Affirmative Defenses be allowed and accepted for filing.


Date: March 22, 2024
    New York, NY 10002

Respectfully submitted,
/Robert G. Lopez/
Applicant
210 Stanton Street – Apt. #218
New York, New York 10002
(917) 868-1698
trademarkrob@gmail.com

6

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

------------------------------------------------------------ X

**CITY OF NEW YORK**         :
        :
       **Opposer,**         :
        :         **Opposition No. 91286688**
       **v.**         :         **Serial No. 90745372**
        :
**ROBERT G. LOPEZ**         :
        :
       **Applicant.**         :

------------------------------------------------------------ X

## DECLARATION OF ROBERT G. LOPEZ IN SUPPORT OF APPLICANT'S OPPOSITION TO OPPOSER'S MOTION FOR RECONSIDERATION OF ORDER SETTING ASIDE DEFAULT

I, ROBERT G. LOPEZ, hereby declare the following:

1.      I am the Applicant in the above-identified opposition proceeding and I submit this declaration in support of Applicant's Opposition to Opposer's Motion for Reconsideration of Order Setting Aside Default.

2.      I did not read or download a copy of the Notice of Opposition that was sent by the Board to the 230enterprises@gmail.com email account.

3.      I did not read or download a copy of the Notice of Default that was sent by the Board to the 230enterprises@gmail.com email account.

4.      I did not currently and have not actively used the 230enterprises@gmail.com email account since 2021 and I do not regularly or even periodically check the emails under the 230enterprises@gmail.com account.

5.      trademarkrob@gmail.com is my primary email address and has consistently been my primary email address since at least April 2006, nearly 18 years already.

6.     I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of this document.

Dated: March 22 , 2024

_____
Robert G. Lopez
Applicant
210 Stanton Street – Apt. #218
New York, New York 10002
(917) 868-1698
trademarkrob@gmail.com

2

# EXHIBIT A

 **Gmail**

RGL Consulting <trademarkrob@gmail.com>

## ESTTA Filing Receipt: Proceeding or Serial or Registration No. 91286688 Request for Reconsideration of Non-Final Board Order Filing Receipt for ESTTA Tracking No: ESTTA1346341

**estta@uspto.gov** <estta@uspto.gov>
To: trademarkrob@gmail.com

Fri, Mar 15, 2024 at 11:47 AM

ESTTA Filing Receipt

This ESTTA Filing Receipt confirms receipt of your submission associated with the above-identified ESTTA Tracking Number.

Your submission may be viewed on TTABVUE at https://ttabvue.uspto.gov/ttabvue/ . If you don't see your submission on TTABVUE a week after you file, or if you received an error message or experienced a technical issue while submitting your submission on ESTTA, please send an email to estta@uspto.gov and provide the ESTTA Tracking Number and the Serial, Registration or Proceeding Number identified above, and a brief description of the error message or technical issue you encountered.

For non-technical status or information inquiries, please contact the TTAB Assistance Center at ttabinfo@uspto.gov or 571-272-8500 Monday through Friday from 8:30 a.m. to 5:00 p.m. Eastern Time (ET).

----
Tracking no.: ESTTA1346341
Filing date: 03/15/2024


Proceeding no.: 91286688
Filing party: Plaintiff
City of New York

Filing party's correspondence address: GERALD E SINGLETON
CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NY 10007
UNITED STATES
Primary email: gsinglet@law.nyc.gov
Secondary email(s): Trademarks@law.nyc.gov, mkrotzer@nyctourism.com, kwinningham@nyctourism.com, gsingl.nyc@mail.com
212-356-2036


Submission: Request for Reconsideration of Non-Final Board Order


Filer's name: Gerald E Singleton
Filer's email: gsinglet@law.nyc.gov
Signature: /s/ Gerald E. Singleton
Date: 03/15/2024

Attachments: Lopez Motion for Reconsideration 3.15.2024.pdf

# EXHIBIT B

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## (no subject)

**Robert G Lopez** <trademarkrob@gmail.com>
To: justbemusic@gmail.com

Tue, Apr 11, 2006 at 4:11 PM

what it do????????I just set up this gmail account which I should of done a long time ago

# View, Edit, or Extend Your Change-of-Address Order

Certain elements of your Change-of-Address may not be editable on this system. If you need to change those elements, you will need to cancel this Change-of-Address and submit a new Change-of-Address with the correct information.



## Move Information

Processed On
APRIL 05, 2023

Type of Move
PERMANENT

Name
ROBERT G LOPEZ

Requested Start Forwarding Date
TUESDAY, APRIL 04, 2023

Who's Moving
INDIVIDUAL

Old Address
230 CLINTON ST APT 11C
NEW YORK NY 10002-7523

Email Address
TRADEMARKROB@GMAIL.COM

New Address
210 STANTON ST APT 218
NEW YORK NY 10002-1857

Phone Number
917-868-1698

**Cancel My Order**        **Edit My Order**        **Extend Mail Forwarding**

 Gmail

RGL Consulting <trademarkrob@gmail.com>

## Your USPS Change-of-Address has been processed

**U.S. Postal Service** <AddressChange@usps.gov>
To: Trademarkrob@gmail.com

Wed, Apr 5, 2023 at 5:06 PM



**Hi, Robert!**

Your Change-of-Address request has been processed.

## Your Change-of-Address:

| **Order Submitted:** | **Start Forwarding Date:** |
|---|---|
| April 4, 2023 | April 4, 2023 |

**Confirmation Code:**
2309-4900-0009-3140

View your order

Mail should arrive at your new address 7-10 postal business days after your
move-effective date OR your file date, whichever date is later.

Please look for your Official USPS Change-of-Address Welcome Kit™ at your new address
soon. You'll be able to verify your Change-of-Address information and get valuable savings to
help with your move.

**Note:** Only one member of your household will receive a Welcome Kit. All others will receive a
Change-of-Address confirmation letter.

Notify mailers directly of your new address. Many companies (financial, health insurance, etc.) will not change

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

------------------------------------------------------- X

CITY OF NEW YORK            :
                                :
             Opposer,         :
                                :           **Opposition No. 91286688**
         v.                     :           **Serial No. 90745372**
                                :
ROBERT G. LOPEZ          :
                                :
             Applicant.       :

------------------------------------------------------- X

## AMENDED ANSWER TO NOTICE OF OPPOSITION/AFFIRMATIVE DEFENSES

Applicant, Robert G. Lopez answers Opposer's Notice of Opposition as follows:

1.       Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Notice of Opposition, and therefore denies those allegations.

2.       Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Notice of Opposition, and therefore denies those allegations.

3.       Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Notice of Opposition, and therefore denies those allegations.

4.       Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Notice of Opposition, and therefore denies those allegations.

5.       Applicant denies the allegations in Paragraph 5 of the Notice of Opposition.

6.      Applicant admits that the Opposer filed an action against Applicant on September 21, 2021 in the United States District Court for the Southern District of New York asserting various claims but denies the remaining allegations of Paragraph 6.

7.      Applicant admits that allegations of Paragraph 7 of the Notice of Opposition and notes that the injunction was granted because Applicant didn't have the ability to oppose or properly challenge the motion for injunction.

8.      Applicant admits the allegations in Paragraph 8 of the Notice of Opposition and notes that his status as a pro se litigant prevented him from drafting and filing a proper appellate brief and the appeal was dismissed NOT on the merits of the case but rather based on Applicants failure to file an appellate brief.

9.      Applicant admits the allegations in Paragraph 9 of the Notice of Opposition.

10.     Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Notice of Opposition, and therefore denies those allegations.

11.     Applicant admits the allegations in Paragraph 11 of the Notice of Opposition.

12.     Applicant admits the allegations in Paragraph 12 of the Notice of Opposition.

13.     Applicant admits the allegations in Paragraph 13 of the Notice of Opposition.

14.     Applicant admits the allegations in Paragraph 14 of the Notice of Opposition.

15.     Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Notice of Opposition, and therefore denies those allegations.

16.     Applicant admits the allegations in Paragraph 16 of the Notice of Opposition.

17.     Applicant denies the allegations in Paragraph 17 of the Notice of Opposition.

18.     Applicant does not use the NYC MARKS and/or the PARK LEAF MARKS, and therefore denies the allegations in Paragraph 18 of the Notice of Opposition.

19.     Applicant denies the allegations in Paragraph 19 of the Notice of Opposition.

20.     Applicant denies the allegations in Paragraph 20 of the Notice of Opposition.

21.     Applicant denies the allegations in Paragraph 21 of the Notice of Opposition.

22.     Applicant denies the allegations in Paragraph 22 of the Notice of Opposition.

23.     Applicant denies the allegations in Paragraph 23 of the Notice of Opposition.

24.     Applicant denies the allegations in Paragraph 24 of the Notice of Opposition.

25.     Applicant denies the allegations in Paragraph 25 of the Notice of Opposition.

26.     Applicant denies the allegations in Paragraph 26 of the Notice of Opposition.

27.     Applicant denies the allegations in Paragraph 27 of the Notice of Opposition.

28.     Applicant denies the allegations in Paragraph 28 of the Notice of Opposition.

29.     Applicant denies the allegations in Paragraph 29 of the Notice of Opposition.

30.     Applicant denies the allegations in Paragraph 30 of the Notice of Opposition.

31.     Applicant denies the allegations in Paragraph 31 of the Notice of Opposition.

32.     Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Notice of Opposition, and therefore denies those allegations.

33.     Applicant denies the allegations in Paragraph 33 of the Notice of Opposition.

34.     Applicant denies the allegations in Paragraph 34 of the Notice of Opposition.

35.     Applicant denies the allegations in Paragraph 35 of the Notice of Opposition.

36.     Applicant denies the allegations in Paragraph 36 of the Notice of Opposition.

37.     Applicant denies the allegations in Paragraph 37 of the Notice of Opposition.

38.     Applicant denies the allegations in Paragraph 38 of the Notice of Opposition.

39.     Applicant denies the allegations in Paragraph 39 of the Notice of Opposition.

40.     Applicant denies the allegations in Paragraph 40 of the Notice of Opposition.

41.     Applicant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Notice of Opposition, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's use of his **NYC NEW YORK CANNABIS™** mark in connection with **"Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights"** is **NOT** likely to cause confusion with any of Opposers alleged marks.

### SECOND AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's use of the mark **NYC NEW YORK CANNABIS™** is not merely descriptive of providing services of **"Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights"** as the mark does **NOT** describe an ingredient, quality, characteristic, function, feature, purpose or use of **"Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights"**.

### THIRD AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's **NYC NEW YORK CANNABIS™** mark is **NOT** primarily geographically descriptive as Applicant's mark includes the word and/or term

4

"CANNABIS", an image of a marijuana leaf and other design elements that comprise Applicant's full mark that do **NOT** have any geographical significance.

## FOURTH AFFIRMATIVE DEFENSE

The NYC marks in question owned by Opposer are primarily geographically descriptive and none of Opposer's marks have attained secondary meaning in connection or association with **"Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights"** services.

## FIFTH AFFIRMATIVE DEFENSE

The United States Patent and Trademark Office did not find any of Opposers trademark registrations referenced in the current opposition proceeding to be likely to cause confusion with Applicant's mark in reviewing and approving Applicant's **NYC NEW YORK CANNABIS** trademark application. In fact, in a June 13, 2023, Examiner's Amendment of Applicant's **NYC NEW YORK CANNABIS** trademark application, it was specifically noted by Examining Attorney Lindsey Ben **"USPTO database searched; no conflicting marks found. The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. § 1052(d); TMEP §704.02."** (See Exhibit A). The United States Patent and Trademark Office is the official governing body responsible for the issuance and maintenance of United States trademarks and it's finding as described above is a legal presumption that Applicant's **NYC NEW YORK CANNABIS** mark is not likely to cause confusion with any of Opposer's registered trademarks that are on record with the USPTO and referenced in the current opposition proceeding.

5

### SIXTH AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's use of his **NYC NEW YORK CANNABIS™** mark in association with "**Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights**" services has not resulted in any confusion to date with Opposer's alleged marks.

### SEVENTH AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's use, if any, of some of the alleged marks in question are protected by the First Amendment. All of the City's claims are barred because Applicant's use of the terms **NYC NEW YORK CANNABIS™** and an image of a "marijuana leaf" is expressive speech protected by the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez's use, if any, of the mark **NYC NEW YORK CANNABIS** was in good faith and without intent to infringe on Plaintiff's alleged marks, or dilute Opposer's marks or to unfairly compete with Opposer.

### NINTH AFFIRMATIVE DEFENSE

Opposer does not have any protectable interest in the marks **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** for any goods and/or services.

### TENTH AFFIRMATIVE DEFENSE

Opposer does not have any protectable interest in any marks that includes or depict an image of a "marijuana leaf."

### ELEVENTH AFFIRMATIVE DEFENSE

Opposer does **NOT** own any State or Federal trademark for the mark **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** for "**Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights**".

### TWELFTH AFFIRMATIVE DEFENSE

Opposer does **NOT** own any State or Federal trademark for any mark that includes or depicts an image of a "marijuana leaf," in connection with "**Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights**" or any other related services.

### THIRTEENTH AFFIRMATIVE DEFENSE

Opposer does **NOT** have any claim of "ownership" or "use" rights in the marks **NYC NEW YORK CANNABIS™, NEW YORK CANNABIS™** or an image or design of a "**marijuana leaf**" in any shape or form.

### FOURTEENTH AFFIRMATIVE DEFENSE

Opposer has never "used" the marks **NEW YORK CANNABIS™** or **NYC NEW YORK CANNABIS™** or any "**marijuana leaf**" design on any products or services it has offered to consumers in commerce.

### FIFTEENTH AFFIRMATIVE DEFENSE

Opposer does **NOT** use its own geographically descriptive **NYC®** stand-alone mark in connection with the "**Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights**".

### SIXTEENTH AFFIRMATIVE DEFENSE

Opposer uses its NYC® mark as a term, designation and/or acronym that represents and refers to "**New York City**" **NOT** "**NEW YORK CANNABIS™**".

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any purported rights owned by Opposer in its **NYC®** stand-alone mark are weak and the **NYC™** mark used to refer to New York City is in widespread use by 1000's of third party business owners which constitutes an abandonment of The City of its alleged rights in its **NYC®** ("NEW YORK CITY") marks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Opposer has not alleged that Applicant's use of his **NYC NEW YORK CANNABIS™** and/or **NEW YORK CANNABIS™** marks has caused any instances of "actual confusion" with the City Of New York's use of its **NYC®** marks that are an acronym for the geographical location **NEW YORK CITY**.

## NINETEENTH AFFIRMATIVE DEFENSE

Opposer has not suffered any damages as a result of Applicant's use of his **NYC NEW YORK CANNABIS™** mark and Opposer has failed to take reasonable and appropriate steps to mitigate any damages it can or has claimed to have incurred.

## TWENTIETH AFFIRMATIVE DEFENSE

Opposer's Notice of Opposition, in whole or in part, fails to state a claim or damages upon which relief can be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Opposer's claims are barred in whole or in part by estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Opposer's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Opposer's claims are barred in whole or in part by the doctrine of laches.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Opposer's claims are barred in whole or in part by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Opposer's claims are barred in whole or in part by the doctrine of *de minimus non curat lex*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Opposer's claims are barred by the doctrine of acquiescence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Opposer lacks standing to maintain the Petition to Cancel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Applicant Robert G. Lopez reserves the right, to file such additional amendments and defenses as may be appropriate.

Date: March 22, 2024
      New York, NY 10002

Respectfully submitted,
/Robert G. Lopez/
Applicant
210 Stanton Street – Apt. #218
New York, New York 10002
(917) 868-1698
trademarkrob@gmail.com

9

# EXHIBIT A

| To: | Lopez, Robert G.(230enterprises@gmail.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 90745372 - NYC NEW YORK CANNABIS |
| Sent: | June 13, 2023 02:00:21 PM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 90745372

**Mark:** NYC NEW YORK CANNABIS

**Correspondence Address:**
Lopez, Robert G.
40 Clinton Street - South Store
New York NY 10002
UNITED STATES

**Applicant:** Lopez, Robert G.

**Reference/Docket No.** N/A

**Correspondence Email Address:** 230enterprises@gmail.com

## EXAMINER'S AMENDMENT

**Issue date:** June 13, 2023

**USPTO database searched; no conflicting marks found.** The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

**Application has been amended as shown below.** As agreed to by TMEP 707.02(3)(a) on June 13, 2023, the examining attorney has amended the application as shown below. Please notify the examining attorney immediately of any objections. TMEP §707. Otherwise, no response is required. *Id.* In addition, applicant is advised that amendments to the goods and/or services are permitted only if they clarify or limit them; amendments that add to or broaden the scope of the goods and/or services are not permitted. 37 C.F.R. §2.71(a).

## MARK DESCRIPTION

The following description of the mark replaces the current description of record:

The mark consists of an image of a green marijuana leaf inside of a green circle with the letters "NYC" appearing in green beneath the circle and the words "NEW YORK CANNABIS" appearing in green beneath the letters "NYC". The color white represents background and/or transparent area and is not part of the mark.

*See* 37 C.F.R. §§2.37, 2.72; TMEP §§808 *et seq*.

37 C.F.R. §2.52(b)(1); TMEP §807.07(a)(i), (a)(ii).

/Lindsey Ben/
Lindsey Ben
Trademark Examining Attorney
Law Office 108
(571) 272-4239
Lindsey.Rubin@USPTO.GOV

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Amended Answer to Notice of Opposition/Affirmative Defenses has been served on Opposer attorney of record on March 22, 2024, via electronic mail to:

Gerald E. Singleton, Esq.
Corporation Counsel of the City of New York
100 Church Street, Room 20-093
New York, New York 10007
gsinglet@law.nyc.gov

/Robert G. Lopez/
Applicant
210 Stanton Street – Apt. #218
New York, New York 10002
(917) 868-1698
trademarkrob@gmail.com

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing **Applicant's Opposition to Opposer's Motion for Reconsideration of Order Setting Aside Default** has been served on Opposer attorney of record on March 22, 2024, via electronic mail to:

> Gerald E. Singleton, Esq.
> Corporation Counsel of the City of New York
> 100 Church Street, Room 20-093
> New York, New York 10007
> gsinglet@law.nyc.gov

> /Robert G. Lopez/
> Applicant
> 210 Stanton Street – Apt. #218
> New York, New York 10002
> (917) 868-1698
> trademarkrob@gmail.com

10

**EXHIBIT D**

NYC.CANNABIS.537

## Posts


nyc.cannabis.537
New York, New York

•••



View insights                    Boost post

     • • •   

**Liked by redeyesweedies and 19 others**

nyc.cannabis.537 Early morning office flow - - "Lower East Side Cannabis Enterprises, LLC" #WeActive #Branding #NyC #NewYorkCannabis - - #Weed #Marijuana #Legalization #420 #SocialGoods #NewYork #News #Information #Resources - - ahead of the wave 🌊 building #Equity #PlantingSeeds - - funny story is I haven't even been building this brand for a full 30 days and we already above the radar - - got contacted yesterday by New York City's Law Department Senior Counsel of the Affirmative Litigation Department Gerald Singleton, Esq." regarding my use of the City of New York's "NYC" logo...in short form I told him to eat a dick with salt...pepper...and ketchup...quickly let him know that I come from a 20 plus year background in Intellectual Property and that I managed the #Trademark and #Copyright department of a NYC IP Firm for 13 years in which I resigned from in 2013...to long to elaborate on in a single post but I am

**Posts**

🐾🐾 Liked by **redeyesweedies** and **19 others**

**nyc.cannabis.537** Early morning office flow - - "Lower East Side Cannabis Enterprises, LLC" #WeActive #Branding #NyC #NewYorkCannabis - - #Weed #Marijuana #Legalization #420 #SocialGoods #NewYork #News #Information #Resources - - ahead of the wave 🏄 building #Equity #PlantingSeeds - - funny story is I haven't even been building this brand for a full 30 days and we already above the radar - - got contacted yesterday by New York City's Law Department Senior Counsel of the Affirmative Litigation Department Gerald Singleton, Esq." regarding my use of the City of New York's "NYC" logo...in short form I told him to eat a dick with salt...pepper...and ketchup...quickly let him know that I come from a 20 plus year background in Intellectual Property and that I managed the #Trademark and #Copyright department of a NYC IP Firm for 13 years in which I resigned from in 2013...to long to elaborate on in a single post but I am very familiar with the "fair use" laws as well as the laws and rules regarding "parody" uses of certain designs and/or logos that are permissible...NYC as used by the city is a geographically descriptive mark that clearly does not refer to NEW YORK CANNABIS™...there is no other NYC business owner that is in a better position to challenge the city on this issue and I been building and enforcing my own LOWER EAST SIDE™ trademark for over a decade and at this point have filed over 43 infringement actions in federal court naming over 160 Defendants that for the most part have all been "Corporate Giants" - - I'm ready to engage in any level of #LegalWarfare with them and actually all they did was let me know I'm on to something big and they intimidated by my abilities and capabilities #ThankYou in advance "CITY OF NEW YORK" you interested in licensing this property from me for when "cannabis" products and services become legal in New York? Holla at #TrademarkRob and let's talk some terms and numbers... I'll take 2.5 mil 💰 💰 💰 within the next 30 days if you act expeditiously...after that the number going up #BigBusiness #RealLifeMonopoly I used it first in #Commerce in connection with the offering and sale of goods and services #ChessMoves #CheckMate - - David vs Goliath

View all 5 comments

**goalgettahz** 👐👐👐

**ohithinkdeylykeme** periodttttt

December 8, 2020

# EXHIBIT E

# ROBERT G. LOPEZ

230 Clinton Street - Apt. 11C
New York, New York 10002
(917) 868-1698

October 12, 2021

*HAND-DELIVERED*

Hon. J. Paul Oetken
United States District Judge
United States Courthouse
40 Foley Square – Courtroom 706
New York, New York 10007

> Re:     City of New York v. Robert G. Lopez
>
> Civil Action No. 21-CV-7862 (JPO)

Dear Judge Oetken:

I am the pro se Defendant in the above-identified action.

I am writing to request a forty-five (45) day extension of time in which to file a responsive pleading in connection with this matter.

Given the nature of this frivolous action filed by the City of New York asserting false claims of trademark counterfeiting, it will be necessary for Defendant to schedule an appointment with the Legal Assistance Clinic so that Defendant can properly protect and/or preserve his rights in connection with this action.

Due to the new limited and restricted access and office hours of the pro se office at the SDNY Court building due to the covid 19 pandemic, it is somewhat difficult and time consuming for Defendant to receive information and/or assistance from the pro se office.

Defendant also needs ample time and an opportunity to consult with various intellectual property law firms to explore the possibility of potential legal representation in connection with this case. This is Defendant's first request for an extension of time. Defendant did seek consent from Plaintiff for the requested extension of time, but Plaintiff denied Defendant's extension request without any just cause.

*Hon. J. Paul Oetken*
*October 12, 2021*
*Page 2*

It is Defendant's belief that the requested extension will **NOT** cause any harm or undue delay to the City of New York and is a fair and reasonable request from a pro se Defendant.

Defendant will also take this opportunity to respectfully request that Your Honor issue an Order directing that Gerald E. Singleton, Esq. refrain from showing up to Defendant's place of business in an intimidating and threatening manner to harass Defendant in front of Defendant's customers and business colleagues.

On **September 23, 2021**, Mr. Singleton appeared at Defendant's place of business and assaulted Defendant by aggressively slapping a large envelope of documents on Defendant's physical person which was the Summons & Complaint in connection with this action. Mr. Singleton then proceeded to act in a manner that made Defendant uncomfortable in front of his customers and business associates and even smirked at Defendant as shown in the photo below as a gesture of "I GOT YOU."



*Hon. J. Paul Oetken*
*October 12, 2021*
*Page 3*

Mr. Singleton is the lead litigation attorney and assistant corporation counsel at the NYC Law Department and represents The City of New York in connection with this matter and is the attorney who signed the complaint in this action and who the summons is returnable to. It is Defendant's belief that there is a conflict of interest in Mr. Singleton personally serving the Summons & Complaint in this action on Defendant since Mr. Singleton in one way or another is a "party to this action."

On **September 30, 2021**, Mr. Singleton appeared at Defendant's place of business for a second time to personally serve Defendant with a Motion to Intervene in an unrelated and separately filed case in which Defendant filed in the SDNY Court over Defendant's **NYC NEW YORK CANNABIS™** brand. Mr. Singleton's Motion to Intervene was a frivolous filing and done as an intimidation tactic to burden Defendant with additional legal documents for Defendant to have to defend against and respond to.

On October 5, 2021, Mr. Singleton showed up to Defendant's place of business for the 3rd time in 3 consecutive weeks to serve Defendant with legal additional legal documents, but Defendant was not present.

Mr. Singleton is moving and conducting himself in an unprofessional manner in relation to this case and his actions stem from a verbal confrontation in which Defendant and Mr. Singleton exchanged back in December of 2020. Defendant has indeed publicly humiliated Mr. Singleton and it appears that his actions in connection with the filing of this frivolous case on behalf of the City of New York are done in retaliation for our personal dispute and unpleasant verbal exchange.

It is clear from Mr. Singleton's continued aggressive actions towards me, that he has a personal vendetta and is biased and proceeding with ill will intentions against Defendant in relation to this matter. Mr. Singleton has knowingly submitted false statements of fact in his various filings with the Court in connection with this matter and Mr. Singleton should be sanctioned under Rule 11.

I thank Your Honor for his consideration of my extension request and requested Order and for any other and further relief that the Court deems just and proper in connection with this matter.

Respectfully submitted,

Robert G. Lopez

c  Gerald E. Singleton, Esq. (via email)