```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                               :
ROBERT G. LOPEZ,                                      :
                                             :
                                Plaintiff,     :          1:24-cv-1544-GHW
                                             :
                      -v -                     :          MEMORANDUM OPINION
                                             :               AND ORDER
EVENTBRITE, INC., *and* META PLATFORMS, :
INC.,                                                    :
                                Defendants.  :
                                                 :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Richard G. Lopez brings this trademark and copyright infringement action against Defendants—alleging that they have infringed upon Mr. Lopez's marks—while another action is pending before the Honorable J. Paul Oetken in which the City of New York (the "City") has sued Mr. Lopez for his use of the same logos at issue here. Because the proposed intervenor, the City, has carried its burden to show that its motion is timely, that it has a significant interest in this action, that its inability to intervene may impair its ability to protect its interests, and that Defendants do not adequately represent its interests, the City may intervene as of right. The motion to intervene is therefore GRANTED.

      **I.**     **BACKGROUND**

       Mr. Lopez commenced this action on February 29, 2024, and filed his amended complaint on April 22, 2024. Dkt. Nos. 1, 16 (the "FAC"). Plaintiff brought claims against Defendants for copyright infringement, trademark infringement, unfair competition, and unjust enrichment—arguing, in short, that Plaintiff owns the "NYC NEW YORK CANNABIS" logos, and that Defendants have been infringing Plaintiff's rights to the marks "by copying, reproducing, exploiting, and/or manufacturing, printing, selling, offering for sale, and advertising event tickets for a cannabis event cruise under Plaintiff's copyrighted and trademarked Logos, without Plaintiff's authorization

or consent." *See* FAC ¶ 3.

On May 13, 2024, the City filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. The City argues that the "action is primarily premised on trademarks which plaintiff . . . has been enjoined from using commercially in another action pending in this Court." Dkt. No. 24 (the "Mem.") at 1 (citing *City of New York v. Lopez*, No. 21 Civ. 7862 (JPO), 2021 WL 6063839 (S.D.N.Y. Dec. 21, 2021) (the "2021 Case")). In the 2021 Case, Judge Oetken granted the City's request for a preliminary injunction against Mr. Lopez, restraining and enjoining Mr. Lopez from, among other things, "[u]sing the NYC NEW YORK CANNABIS trademarks and/or service marks, or any reproduction, counterfeit, copy, or colorable imitation of the City Trademarks for and in connection with any goods or services, or their promotion or packaging, not authorized by [the City]." *See* Dkt. No. 23 (the "City Decl.") ¶ 11 (citing 2021 Case, ECF 44 at 12–13). The logos used by Mr. Lopez in this case are the same as those at issue in the 2021 Case. *See, e.g., id.* ¶¶ 7–11; FAC ¶¶ 1–2 (both depicting the NYC NEW YORK CANNABIS logos).

Accordingly, the City moved to intervene "to avoid possible inconsistent determinations regarding its trademark rights and [sought] leave to file an intervenor complaint seeking the following relief: (i) a declaratory judgment that Lopez has no protectable or exclusive rights in the trademarks at issue . . . ; (ii) a declaratory judgement declaring that the copyrights at issue are invalid and have not been infringed; and (iii) an order enjoining Lopez from using the marks at issue as a basis to commence any more trademark or copyright infringement actions without leave of Court." Mem. at 2. The City argues that it "owns valid and subsisting federal registrations in a number of classes covering souvenir merchandise and other goods and services for trademarks and service marks used by City agencies . . . , all of which have been and continue to be in use in commerce . . . ." *Id.* at 3; City Decl. ¶¶ 3–8. The City argues, as it has in the 2021 Case, that Mr. Lopez is infringing the City's own marks through Mr. Lopez's NYC NEW YORK CANNABIS marks, *see* Mem. at 6–7; and that Mr. Lopez's continued use of the marks constitutes a "willful[] and knowing[]

2

violati[on of] the terms of the preliminary injunction" in the 2021 Case. *Id.* at 8; *see also* City Decl. ¶¶ 11–14. Given this background, the City argues that it "has a substantial interest in this litigation, [that] its interest are not adequately represented by the existing parties; and [that] it[s] rights may be impaired by the Court's decisions in this action and place the City at a substantial risk of inconsistent determinations in this action and the City's pending action before a different judge of this Court involving the same subject matter." Mem. at 8; City Decl. ¶¶ 15–17. The City argues for intervention as of right or, in the alternative, permissive intervention under Rule 24. *See* Mem. at 8–13.[1]

Mr. Lopez, proceeding pro se, opposes the City's motion, arguing that "[t]he City does NOT own any copyrights for any of Plaintiff's original photographs and [t]he City likewise does NOT own any copyrights for any of its stylized design trademarks referenced in [t]he City's motion to intervene," nor does the City, in Mr. Lopez's view, "own any State or Federal trademark or service marks for the name, term and/or designation NYC NEW YORK CANNABIS™ . . . which mark is the subject of Plaintiff's trademark claims against Defendants . . . in this action." Dkt. No. 23 (the "Opp'n") at 1 (emphasis in original). He asserts that "[t]he City conceded that whether the Plaintiff's marks are counterfeit is a close call," that "the City does not own any trademarks or service marks or any copyrights that include and/or incorporate any image of a marijuana leaf," and that "[t]he City's allegations that it has any protectable interest in this litigation stems entirely from its ownership of the geographically descriptive and stylized chunky NYC® mark that is used by the City . . . as an acronym that refers to New York City[,] NOT New York Cannabis." *Id.* at 2 (emphasis in original). Mr. Lopez further asserts that the "NYC NEW YORK CANNABIS™ brand name and mark" are his own, that he uses them "in different variations" and with different stylized letters. *Id.*

---

[1] Defendant Meta Platforms, Inc. joined in the City's motion to intervene for the reasons stated in the City's Mem. Dkt. No. 28. Defendant Eventbrite, Inc. has not taken any position on the docket on the motion to intervene.

3

In short, he contends that the motion to intervene should be denied because, in his view, "[t]he City has . . . no rights or claim of ownership or infringement of Plaintiff's copyrighted original photographs and because [t]he City has . . . no rights or claim of ownership in the marks NYC NEW YORK CANNABIS™ and likewise does not own any copyright or trademark that incorporates or depicts an image of a cannabis and/or marijuana leaf." *Id.* at 4; *see also, e.g.*, Dkt. No. 33 (the "Lopez Decl.") ¶¶ 5–13, 17–18, 22.

The City filed a reply declaration on June 6, 2024, again requesting that the City's motion be granted and citing additional caselaw in support of its position. Dkt. No. 37.

## II. DISCUSSION

The Second Circuit has "explained that intervention is a procedural device that attempts to accommodate two competing policies." *Floyd v. City of New York.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (internal quotation marks, citation, and alteration omitted). "[O]n the one hand," intervention is designed to permit courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit." *Id.* (internal quotation marks and citation omitted). "[O]n the other hand," permitting parties to intervene haphazardly makes lawsuits "unnecessarily complex, unwieldy or prolonged." *Id.* (internal quotation marks and citation omitted). The Second Circuit has repeatedly emphasized the "fact-intensive nature" of this inquiry. *Id.*; *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("In resolving the tension that exists between these dual concerns, the particular facts of each case are important . . . .").

### A. Intervention as of Right

> Federal Rule of Civil Procedure 24(a) provides for intervention as of right . . . : "On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Floyd*, 770 F.3d at 1057 (quoting Fed. R. Civ. P. 24(a)(2)) (emphasis and ellipsis omitted).

4

Thus, "[a] district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Ests., Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds*, 581 U.S. 433 (2017) (quotation omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (internal quotation marks, citation, and alteration omitted). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also Pitney Bowes*, 25 F.3d at 70 ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented . . . .").

1. **Timeliness**

The City's application is timely. "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *Pitney Bowes*, 25 F.3d at 70.

> Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*Id*. "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (internal quotation marks and citation omitted).

Neither Plaintiff nor Defendants have shown that they will be prejudiced by the proposed intervention in this case. There is no indication that the City's intervention would delay the

disposition of this action, which was recently filed and remains pre-discovery.  The timeliness requirement is satisfied.

### 2. Sufficient Interest

The City has a sufficient interest in the subject of this action to intervene as of right.  Rule 24(a)(2) provides for intervention of right where the applicant "claims an interest relating to the property or transaction that is the subject of the action."  Fed. R. Civ. P. 24(a)(2).  For an interest in the underlying action to be cognizable by Rule 24(a)(2), "it must be direct, substantial, and legally protectable."  *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (citation omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."  *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123, 129 (2d Cir. 2001) (citation omitted).

The City has asserted an undeniable interest in the outcome of this action.  Here, the City seeks to defend its own registered marks from Mr. Lopez's alleged trademark and copyright infringement; and the pending 2021 Case concerns Mr. Lopez's right (or lack thereof) to use the NYC NEW YORK CANNABIS marks given the City's pending infringement claim regarding the same logos.  Moreover, the City argues that this action may implicate the preliminary injunction that Judge Oetken has issued in the 2021 Case regarding the same marks.[2]  The City's interest in this action is certainly "direct" and "legally cognizable."  *See Delmonte*, 602 F.3d at 473.  The City has adequately demonstrated a sufficient interest relating to the property that is the subject of the action.[3]

---

[2] To be clear, the Court takes no position on whether the allegations in Mr. Lopez's complaint establish (or fail to establish) a violation of the preliminary injunction order issued by Judge Oetken.
[3] In making this determination, the Court takes no position on whether Mr. Lopez or the City has infringed the other's marks.  "When considering a motion to intervene, the court 'must accept as true the non-conclusory allegations of the motion.'  'A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts which could be proved under the complaint.'"  *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 466 (E.D.N.Y. 1999) (citation omitted).  The City has adequately alleged, for purposes of this motion, that it may be entitled to relief for its registered marks.  *See* City Decl. ¶¶ 7–9 (attesting that the City's marks are federally registered trademarks and service marks).  The City has a legally cognizable

### 3. Impairment

The City has established that its inability to intervene may impair its ability to protect its interests. "Rule 24(a)(2) also requires the movant to show that it is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *Laroe Ests.*, 828 F.3d at 70 (quotation and brackets omitted). Here, the City argues that "[i]n this action, Lopez is asserting ownership in trademarks that are counterfeits of the City Registered Marks." Mem. at 12. As a non-party, the City's ability to participate in this litigation and an appeal of any unfavorable decision would be limited. This fact, coupled with the adverse consequences of an unfavorable ruling in this case, is sufficient to satisfy this factor.

### 4. Adequate Representation

The City has established that Defendants may not adequately represent its interests with respect to the issues raised in this action. The Supreme Court has emphasized that a proposed intervenor need only show that "representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). "The burden to demonstrate inadequacy of representation is generally speaking 'minimal.'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich*, 404 U.S. at 538 n.10); *see also Laroe Ests.*, 828 F.3d at 70 (citation omitted). However, the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler*, 250 F.3d at 179. Instead of providing "a hard-and-fast rule of what form of showing must be made to rebut a presumption of adequate representation when there is an identity of interest between the putative intervenor and an existing party to the action," the Second Circuit has offered general criteria. *Id.* at 180. "Although perhaps not an exhaustive list, we

---

interest in this action notwithstanding Mr. Lopez's arguments that the City "does not own" the marks. *See* Opp'n at 1. Again, the Court takes no position on the merits of either party's potential interest, rights, or lack thereof in the NYC NEW YORK CANNABIS marks, or the underlying infringement claims in this action or the 2021 Case.

generally agree . . . that evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Id.*

In short, this action's FAC asks the Court to determine whether Defendants have infringed upon Mr. Lopez's marks, whereas the 2021 Case's complaint asks Judge Oetken to determine whether Mr. Lopez has infringed on the City's marks with his use of the same logos at issue in this action. Defendants in this action, as the City attests, "are not licensees of the City's Registered Marks and are not in privity with the City." City Decl. ¶ 16. Accordingly, Defendants and the City do not necessarily share the same objective with respect to the marks at issue, and Defendants' representation of the City's interests may be inadequate. *See Trbovich*, 404 U.S. at 538.

## III.   CONCLUSION

Because the City has adequately demonstrated that its motion is timely, that it has a significant interest in the property that is the subject of this action, that its inability to intervene may impair its ability to protect its interests, and that Defendants do not adequately represent its interests, the City may intervene as of right. Thus, the City's motion to intervene is GRANTED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated: June 12, 2024  
New York, New York  

GREGORY H. WOODS  
United States District Judge