UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ,
                         Plaintiff,

      -v-                                                    24-CV-1544 (JPO)

META PLATFORMS, INC.,                                        OPINION AND ORDER
                         Defendant.

J. PAUL OETKEN, District Judge:

   Plaintiff Robert G. Lopez, proceeding *pro se*, brings this action against Defendant Meta Platforms, Inc. ("Meta") for copyright infringement, trademark infringement, and unjust enrichment. The City of New York ("City") intervened. Before the Court is Defendant's motion to dismiss Plaintiff's complaint and Plaintiff's motion to dismiss Intervenor-Plaintiff's complaint. For the reasons that follow, both motions to dismiss are granted.

I.   **Background**

     A.   **Factual Background**[1]

   In 2020 and 2021, Lopez obtained copyright registrations in nine photographs that contain a "NYC New York Cannabis" logo (the "Logo," shown in Figure 1). (ECF No. 16 ("FAC") ¶¶ 1, 46.) The photographs depict a banner, a store, a snapback, mylar bags, a delivery vehicle, a promotional flyer, a promotional disclaimer, a "Liberty" T-shirt, and a "Legal Drug Money" T-shirt bearing the Logo. (*Id.* ¶¶ 36-44 (capitalization altered).) Lopez also alleges that he owns trademarks and copyright in the Logo itself. (*Id.* ¶¶ 31-34, 45; *see id.* at 29-37.)

---

[1] Unless otherwise noted, the following facts are taken from Plaintiffs' first amended complaint and are assumed true for purposes of resolving Meta's motions to dismiss. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).



Figure 1: The "NYC New York Cannabis" logo

In or about April 2023, Meta, in conjunction with several unnamed individuals, "posted, published, and exploited an image and/or photograph that copied [the] Logo without authorization or consent for the purposes of advertising and promoting the 'NYC CANNA CRUISE' event" on Facebook, as shown in Figure 2. (*Id.* ¶¶ 4, 59; *see id.* at 26.)



Figure 2: The Facebook post

2

B.      **Procedural History**

Lopez commenced this action on February 29, 2024. (ECF No. 1.) He filed the first amended complaint on April 22, 2024, asserting claims of copyright infringement, trademark infringement, unfair competition, and unjust enrichment. (FAC.) On May 13, 2024, the City of New York moved to intervene. (ECF No. 22.) The Court granted that motion on June 12, 2024. (ECF No. 43.) The City filed an intervenor complaint on June 13, 2024, alleging that the Logo is the subject of another action by the City against Lopez for trademark infringement, in which the Court has preliminarily enjoined Lopez from using the "NYC New York Cannabis" marks. (ECF No. 44 ("IC") ¶¶ 1-2 (citing *City of New York v. Lopez*, No. 21-CV-7862, 2021 WL 6063839 (S.D.N.Y. Dec. 21, 2021)).) The intervenor complaint requests a declaratory judgement that "Lopez has no rights in the [Logo]" and his "alleged copyright registrations are invalid as a basis for pursing trademark infringement claims," and injunctions preventing Lopez from filing further lawsuits or providing unauthorized legal services. (*Id.* at 14-15.)

On June 6, 2024, Meta moved to dismiss Lopez's first amended complaint (ECF No. 39) and filed a supporting memorandum of law (ECF No. 40). On June 21, 2024, Lopez filed three documents styled as an "answer" (ECF No. 46), a "declaration" (ECF No. 47 ("Lopez Decl.")), and a "memorandum of law in opposition to [Meta's] motion to dismiss" (ECF No. 48). On July 10, 2024, Meta replied in further support of its motion. (ECF No. 53.)

On July 6, 2024, Lopez moved to dismiss the City's intervenor complaint (ECF No. 56) and filed a declaration (ECF No. 57) and a supporting memorandum of law (ECF No. 58). Lopez stated in his declaration: "By and through this Declaration, Plaintiff is requesting leave from this Court to file a Second Amended Complaint in this action that mirrors the claims in the initial complaint filed in this action, which were claims only for 'copyright infringement' and 'unjust enrichment,' based on the Defendants' copying of Plaintiff's copyrighted images without

3

Plaintiff's authorization or consent." (ECF No. 57 ¶ 9.) Lopez attached a proposed second amended complaint as Exhibit A to this declaration. (*Id.* at 9-23 ("SAC").) On July 19, 2024, the City opposed Lopez's motion to dismiss. (ECF No. 59.) On July 26, 2024, Lopez replied in further support his motion. (ECF No. 63.)

**II.     Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will be dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In ruling on a motion to dismiss, the Court must accept the plaintiff's factual allegations as true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). In addition, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

**III.    Discussion**

Leave to amend should be freely given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see* Fed. R. Civ. P. 15(a)(2). The Court hereby grants Lopez's request for leave to amend (ECF No. 57 ¶ 9) and adopts Exhibit A as his second amended complaint (SAC). Because Lopez's second amended

complaint is defective based on issues that have been fully briefed with respect to his first amended complaint, the Court dismisses the second amended complaint *sua sponte*.

The second amended complaint maintains only two causes of action: copyright infringement and unjust enrichment. (SAC ¶¶ 28-37.) The factual allegations remain substantially the same. Notably, the second amended complaint drops the allegation that Lopez owns a registered copyright in the Logo design itself. (*Cf.* FAC ¶ 45.)

### A. Copyright Infringement

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003). To constitute unauthorized copying, "the accused work must exhibit 'substantial similarities' to the plaintiff's work." *Bauer v. Yellen*, 548 F. Supp. 2d 88, 93 (S.D.N.Y. 2008) (quoting *Boisson v. Banian, Ltd*, 273 F.3d 262, 272 (2d Cir. 2001)).

Lopez does not own a valid copyright in the Logo. In fact, Lopez concedes that his copyright application for the "NYC New York Cannabis Logo Photo" has been refused—a fact that he "unintentional[ly] failed to include" in his first amended complaint. (Lopez Decl. ¶ 24.) Lopez's own submission includes a letter from the United States Copyright Office informing him that "[r]egistration of [the Logo Photo] must be refused because it lacks the authorship necessary to support a copyright claim." (*Id.* at 35.) The refusal is unsurprising: "[I]t is axiomatic that words, short phrases, titles, and slogans are not subject to copyright," *Moody v. Morris*, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009), *aff'd*, 407 F. App'x 434 (Fed. Cir. 2011); nor does copyright law protect "familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring," 37 C.F.R. § 202.1(a). Lopez contends that "a refused copyright application can still be the basis for him bringing and commencing a copyright infringement claim in Federal Court." (Lopez Decl. ¶ 24.) But in cases of refused registration, the applicant is only "entitled to institute

a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights," upon which the Register may choose to "become a party to the action." 17 U.S.C. § 411(a). Lopez does not allege that he complied with the statutory requirement.

To the extent Lopez argues that Meta copied his various copyrighted photographs—such as photographs of a banner, car, storefront, or T-shirt bearing the Logo—that argument also fails. On a motion to dismiss, "it is entirely appropriate for a district court to resolve [the] question [of substantial similarity] as a matter of law, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quotation marks omitted). "The copyrightable elements of a photograph have been described as the photographer's original conception of his subject, not the subject itself." *Kisch v. Ammirati & Puris Inc.*, 657 F. Supp. 380, 382 (S.D.N.Y. 1987) (quotation marks omitted); *see also Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 46 (2d Cir. 2021), *aff'd*, 598 U.S. 508 (2023) ("Copyright does not protect ideas, but only the original or unique way that an author expresses those ideas . . . . As applied to photographs, this protection encompasses the photographer's posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." (cleaned up)). Here, the Facebook post consisted solely of the Logo. (*See supra* Figure 2.) The only similarity between Lopez's photographs and the Facebook post is the Logo itself, not any artistic expression relating to the Logo. Therefore, Lopez's copyrighted works and the allegedly infringing work are not substantially similar as a matter of law. *Cf. Gayle v. Allee*, No. 18-CV-3774, 2021 WL 120063, at *8 (S.D.N.Y. Jan. 13, 2021) ("The image of the graffiti [tagged with "ART WE ALL"] in the

Photograph and Gayle's copyrighted work [relating to the phrase "ART WE ALL"] are not substantially similar as a matter of law, since the only common elements are non-copyrightable.").

Furthermore, Lopez does not adequately plead that Meta is liable for either direct or indirect copyright infringement simply by virtue of the posting of the Logo on Facebook by a user, "Jay Dean." (*See supra* Figure 2.) "Direct liability requires 'volitional conduct' that 'causes' the infringement." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) (summary order) (quoting *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008)). For indirect liability, a defendant may be vicariously liable by "profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Or it may be contributorily liable if the defendant, "with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another"; however, "an allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient." *Wolk*, 840 F. Supp. 2d at 750 (cleaned up). Under these standards, neither the barebone allegations in the complaint (*see* SAC ¶¶ 3, 25) nor Lopez's multiple filings opposing the motion to dismiss (*see* ECF Nos. 46-48) raise sufficient facts to support a plausible theory of liability against Meta based on Jay Dean's post. Other courts evaluating similar allegations against online platforms have reached the same conclusion. *See, e.g.*, *Lopez v. Bonanza.com, Inc.*, No. 17-CV-8493, 2019 WL 5199431, at *21-25 (S.D.N.Y. Sept. 30, 2019) (dismissing similar copyright claims by Lopez against an e-commerce provider for user content on the platform); *Bus. Casual Holdings,*

7

*LLC v. YouTube, LLC*, No. 21-CV-3610, 2022 WL 837596, at *3-6 (S.D.N.Y. Mar. 21, 2022) (dismissing copyright claims against YouTube for allegedly infringing videos posted by a user).

Accordingly, Lopez has failed to state a copyright claim.

### B.    Unjust Enrichment

"Section 301 of the Copyright Act preempts state law actions that seek to vindicate rights equivalent to those protected under the Copyright Act." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 453 (S.D.N.Y. 2014). "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). Here, Lopez purports to assert a claim for unjust enrichment based on the allegation that Meta "unjustly retained profits from the sale of event tickets and promoting images and/or photographs bearing Plaintiff's NYC NEW YORK CANNABIS design." (SAC ¶ 36.) These images and/or photographs fall within the category of "pictorial, graphic, and sculptural works" under 17 U.S.C. § 102(a)(5). And the rights Lopez seeks to vindicate are his exclusive rights "to reproduce," "to distribute," or "to display" the copyrighted works. 17 U.S.C. § 106. Furthermore, to be preempted, Lopez's "state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305. On this point, the Second Circuit has held that "[w]hile enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim." *Id.* at 306. Therefore, "[w]here the gravamen of an unjust enrichment claim is that defendants unjustly benefitted from unauthorized use of a work within the scope of

8

the Copyright Act—precisely what Plaintiff alleges here—the claim is preempted." *Stanacard, LLC v. Rubard, LLC*, No. 12-CV-5176, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016) (quotation marks omitted).

Accordingly, Lopez's unjust enrichment claim must be dismissed.

### C. Leave to Amend

Although "[d]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend," "leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Court has already granted Lopez's request for leave to file a second amended complaint after Meta's motion to dismiss was fully briefed. (SAC.) Lopez has also filed two factual declarations in connection with the pending motions to dismiss. (ECF Nos. 47, 57.) Despite having ample opportunities to allege additional facts, Lopez has failed to cure the defects in his complaint, which go to the core of his copyright infringement and unjust enrichment claims. Moreover, unlike most *pro se* litigants, Lopez is a serial IP litigant who has "filed at least 41 lawsuits in this District against more than 100 different defendants" (*see* ECF No. 40 at 8 n.1) and has substantial familiarity with copyright law. *See Lopez v. Fashion Nova*, No. 20-CV-9238, 2021 WL 4896288, at *2 (S.D.N.Y. Oct. 19, 2021) ("[W]hile [Lopez] has proceeded pro se, he has filed numerous similar copyright lawsuits. He is familiar with and was advised of the relevant copyright law . . . ."). Given this context, further amendments would be futile. The Court denies Lopez leave to further amend.

### D. Intervenor Complaint

The City's intervenor complaint seeks a judgment "(i) declaring that Lopez has no rights in the NYC NEW YORK CANNABIS Marks at issue in this action; (ii) declaring that Lopez's alleged copyright registrations are invalid as a basis for pursing trademark infringement claims;

9

[and] (iii) enjoining Lopez from commencing trademark or copyright infringement actions in this Court, without first obtaining leave of Court," among other forms of relief.  (IC at 14.)  This requested relief extends beyond the dismissal of Lopez's complaint.  However, because Lopez has dropped his trademark claims in this action, the Court has dismissed all his remaining claims, and the City is prosecuting a separate trademark action against Lopez in front of this Court, "[f]or largely prudential reasons, the Court declines to exercise its discretion to consider Intervenor['s] complaint and accordingly dismisses that complaint without prejudice."  *Cf. Forde v. Hornblower New York, LLC*, 243 F. Supp. 3d 461, 463 (S.D.N.Y. 2017).  Any broader relief is properly sought in the City's affirmative case, *City of New York v. Lopez*, No. 21-CV-7862 (S.D.N.Y. Sept. 21, 2021).

## IV. Conclusion

For the foregoing reasons, Meta's motion to dismiss Lopez's complaint is GRANTED, and Lopez's motion to dismiss the City's intervenor complaint is GRANTED without prejudice to the assertion of the City's claims in other actions.

The Clerk of Court is directed to terminate the motions at Docket Numbers 39 and 56, to enter judgment dismissing Plaintiff's claims with prejudice, and to close this case.

SO ORDERED.

Dated: March 31, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge